UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| JORGE CONCEPCION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 0:20-cv-61087 |
| FROST-ARNETT COMPANY, and SHERIDAN HEALTHCORP, INC., | § § § | |
| *Defendants.* | § | |

## DEFENDANT FROST-ARNETT COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant FROST-ARNETT COMPANY ("FAC"), by and through its undersigned counsel, and files its Answer to Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 1; therefore, it denies the same.

2. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 2; therefore, it denies the same.

3. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 3; therefore, it denies the same.

### PARTIES

4. FAC admits that Plaintiff is a natural person. FAC lacks knowledge or information sufficient to form a belief about the truth of the remainder of Paragraph 4; therefore, it denies the same.

5. FAC admits Paragraph 5.

6. FAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA and FCCPA. However, FAC lacks knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA and FCCPA in this matter and therefore denies Paragraph 6.

7. FAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA and FCCPA. However, FAC lacks knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA and FCCPA in this matter and therefore denies Paragraph 7.

8. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 8; therefore, it denies the same.

9. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 9; therefore, it denies the same.

**DEMAND FOR TRIAL**

10. FAC admits that Plaintiff request a jury trial.

**FACTUAL ALLEGATIONS**

11. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 11; therefore, it denies the same.

12. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 12; therefore, it denies the same.

13. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 13; therefore, it denies the same.

14. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 14; therefore, it denies the same.

15. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 15; therefore, it denies the same.

16. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16; therefore, it denies the same.

17. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 17; therefore, it denies the same.

18. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 18; therefore, it denies the same.

19. FAC admits Paragraph 19.

20. FAC denies Paragraph 20.

21. FAC admits Paragraph 21.

22. FAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA and FCCPA. However, FAC lacks knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA and FCCPA in this matter and therefore denies Paragraph 22.

23. FAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA and FCCPA. However, FAC lacks knowledge or information sufficient to form a belief as to whether it acted as a "debt collector" as defined by the FDCPA and FCCPA in this matter and therefore denies Paragraph 23.

24. FAC admits that it, at times, acts as a "debt collector" as defined by the FDCPA and FCCPA. However, FAC lacks knowledge or information sufficient to form a belief as to

whether it acted as a "debt collector" as defined by the FDCPA and FCCPA in this matter and therefore denies Paragraph 24.

25. FAC admits Paragraph 25.

26. FAC admits Paragraph 26.

27. FAC admits Paragraph 27.

28. FAC admits Paragraph 28.

29. FAC asserts that the letter at issue is attached to the Complaint and therefore can speak for itself.

30. FAC asserts that Paragraph 30 consists of a conclusion of law to which no response is required.

31. FAC asserts that Paragraph 31 consists of a conclusion of law to which no response is required.

## COUNT I

32. FAC incorporates by reference the above responses.

33. FAC denies Paragraph 33 as it is not a complete or accurate statement of law.

34. FAC denies Paragraph 34 as it is not a complete or accurate statement of law.

35. FAC denies Paragraph 35 as it is not a complete or accurate statement of law.

36. FAC denies Paragraph 36 as it is not a complete or accurate statement of law.

37. FAC denies Paragraph 37.

38. FAC denies Paragraph 38.

39. FAC denies Paragraph 39.

40. FAC denies that Plaintiff is entitled to any of the relief sought.

## COUNT II

41. FAC incorporates by reference the above responses.

42. FAC denies Paragraph 42 as it is not a complete or accurate statement of law.

43. FAC denies Paragraph 43 as it is not a complete or accurate statement of law.

44. FAC denies Paragraph 44 as it is not a complete or accurate statement of law.

45. FAC denies Paragraph 45 as it is not a complete or accurate statement of law.

46. FAC denies Paragraph 46.

47. FAC denies Paragraph 47.

48. FAC denies that Plaintiff is entitled to any of the relief sought.

## COUNT III

49. FAC incorporates by reference the above responses.

50. FAC denies Paragraph 50 as it is not a complete or accurate statement of law.

51. FAC denies Paragraph 51 as it is not a complete or accurate statement of law.

52. FAC denies Paragraph 52 as it is not a complete or accurate statement of law.

53. FAC denies Paragraph 53 as it is not a complete or accurate statement of law.

54. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 54; therefore, it denies the same.

55. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 55; therefore, it denies the same.

56. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 56; therefore, it denies the same.

57. FAC lacks knowledge or information sufficient to form a belief about the truth of Paragraph 57; therefore, it denies the same.

## AFFIRMATIVE DEFENSES

58. Defendant asserts that if it is assumed that Defendant violated a statute as alleged in Plaintiff's Complaint, an assumption which Defendant denies, such violation was not negligent or intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.  More specifically, Defendant has procedures in place designed to ensure it is not attempting to collect financial obligations subject to workers' compensation, including but not limited to, a policy to review all information provided by its client(s) to determine whether workers' compensation is involved in the financial obligation, a policy not to accept any account for collection which a client indicates that workers' compensation is associated with the account in any way, a policy to have an agreement with its client(s) pursuant to which the client agrees to refer only valid, due, and owing financial obligations, and providing training and supervision to its employees regarding workers' compensation.

59. Plaintiff's damages, if any, are the result of the actions of third parties over whom FAC has no control.

60. Plaintiff's damages, if any, were pre-existing damages not caused by FAC.

61. Plaintiff has failed to mitigate damages, if any.

62. Plaintiff proximately caused her own damages, if any.

63. Plaintiff has failed to state a claim against FAC upon which relief can be granted.

64. Plaintiff has not suffered a concrete, injury-in-fact.

WHEREFORE, PREMISES CONSIDERED, FAC respectfully prays that Plaintiff take nothing herein, that FAC be dismissed with their costs, and all other and further relief, at law or in equity, to which FAC may be justly entitled.

Respectfully submitted by:

  /s/ Dale T. Golden
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
  /s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
**GOLDEN SCAZ GAGAIN, PLLC**
201 North Armenia Avenue
Tampa, Florida 33609-2303
Phone: (813) 251-5500
Fax: (813) 251-3675
dgolden@gsgfirm.com
jproulx@gsgfirm.com
*Counsel for Defendant*
**COUNSEL FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF. I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By     /s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830